UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GELMER DUBON, et al.,<br><br>　　　　Petitioners,<br><br>　v.<br><br>AAA NCNU, et al.,<br><br>　　　　Respondents. | Case No. 25-mc-80196-JST<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 18, 2025, Petitioners GD AUTO TOWING SERVICE LLC and Gelmer Dubon filed a petition under § 4 of the Federal Arbitration Act ("FAA") to compel arbitration by AAA NCNU, whom Petitioners contend does business as CSAA Insurance Exchange and Triple AAA (collectively "CSAA"). ECF No. 4 at 2. Petitioners allege that AAA NCNU and CSAA have had an ongoing business relationship with GD AUTO since 2021. *Id.* at 3. They further allege that CSAA, through its affiliates, has initiated a series of lawsuits related to the costs of the services provided by GD AUTO. *Id.* Petitioners allege that they are entitled to arbitrate these disputes because of an agreement between GD AUTO and AAA NCNU containing a mandatory arbitration clause. ECF No. 4 at 3–4; ECF No. 7-1 at 9–10. In addition to their petition to compel arbitration, Petitioners filed a separate motion to compel arbitration and for an award of attorney's fees. ECF No. 9.

Respondent AAA NCNU oppose the motion to compel arbitration, arguing that (1) Petitioners brought the motion against the wrong entity, because CSAA Insurance Exchange has filed lawsuits against Petitioners, but AAA NCNU has not, and there is no arbitration agreement between Petitioners and AAA NCNU, ECF No. 16 at 4; (2) CSAA Insurance Exchange is

1  completely unrelated to AAA NCNU, with separate operations, headquarters, officers and staff, *id.*; and (3) CSAA's lawsuits against Petitioners "arise out of tortious conduct by Petitioners regarding services provided to CSAA's insureds and are unrelated to any services provided by Petitioner under its Agreement with AAA NCNU." *Id.* at 4–5. This case was initially assigned to Magistrate Judge Alex Tse. The case was reassigned to this Court on September 15, 2025. ECF No. 29.

"The United States District Courts are courts of limited jurisdiction. The Court may only hear cases arising out of federal law ('federal question jurisdiction') or cases between citizens of different states ('diversity jurisdiction')." *Shannon v. Aurora Loan Servs. Quality Loan Servs., Corp.*, No. 2:09-CV-03510-FMC(JWJX), 2009 WL 1606878, at *1 (C.D. Cal. June 3, 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (citation omitted). Because neither party has identified a basis for federal jurisdiction, the Court now issues this order to clarify the question of its jurisdiction over the subject matter of this lawsuit.

The FAA, standing alone, is not a sufficient basis for jurisdiction. "'Section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, authorizes a United States district court to entertain a petition to compel arbitration if the court would have jurisdiction, 'save for [the arbitration] agreement,' over 'a suit arising out of the controversy between the parties.'" *L.A. Fitness International LLC v. Harding*, No. C09–5537–RJB, 2009 WL 3676272, *2 (W.D. Wash. Nov. 2, 2009) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 52–53 (2009)) (modifications in original). But "[i]t is well established that the FAA does not, on its own, provide a basis for federal question jurisdiction. Rather, § 4 of the FAA 'provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.'" *Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*, 187 F.3d 1045, 1050 (9th Cir.1999) (citation omitted).

1    "A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Union Pac. R.R. Co. v. Sacks*, 309 F. Supp. 3d 908, 917 (W.D. Wash. 2018) (citations omitted).  Petitioners' jurisdiction section states that the Court has jurisdiction over this dispute because the arbitration provision states that the agreement "will not preclude a party from seeking provision remedies [sic] in aid of arbitration (including a motion to compel arbitration in a federal court in the federal judicial district where Vendor's physical address is located)."  ECF No. 1 at 6.  This language does not establish subject matter jurisdiction, which parties cannot consent to by contract.  *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Petitioners also state in their jurisdiction section that the agreement "involves interstate commerce," which is not a basis for federal question jurisdiction.  ECF No. 1 at 6.  Petitioners also identify no basis for the exercise of diversity jurisdiction.

Therefore, within ten days of the filing date of this order, Petitioners are ordered to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction.  Respondent may file a responsive brief within seven days of the filing of Petitioners' response to this Order.  Briefs shall be limited to five pages.

**IT IS SO ORDERED.**

Dated:  October 6, 2025

_____
JON S. TIGAR
United States District Judge