UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GELMER DUBON, et al.,<br><br>   Petitioners,<br><br>v.<br><br>AAA NCNU, et al,<br><br>   Respondents. | Case No. 25-mc-80196-JST<br><br>**ORDER GRANTING LEAVE TO AMEND PETITION TO COMPEL ARBITRATION**<br><br>Re: ECF No. 31 |

On October 6, 2025, the Court issued an order to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction. ECF No. 31. The Court ordered Petitioners to respond to the order by October 16th, 2025. Petitioners filed their response on October 17th, 2025.[1] ECF No. 32. They do not dispute that the Court lacks subject matter jurisdiction over their petition. *Id.* They request leave to file an amended petition to allege that Respondents discriminated against Petitioners on the basis of race in violation of 42 U.S.C. § 1981. *Id.* at 1–2.

"In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Accordingly, "a district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." *Id.* at 1381 n.3.

/ / /

/ / /

---

[1] The Court exercises its discretion to consider Petitioners' late response.

The petition to compel arbitration is dismissed without prejudice.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  October 27, 2025



JON S. TIGAR
United States District Judge